IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GREGORY JOHN SELVAGGI )
) No. 15-901
v.

CAROLYN W. COLVIN

**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff filed an application for disability benefits, disability insurance benefits, and supplemental social security income benefits, based on physical impairments. Plaintiff's claim was denied initially and upon hearing before an administrative law judge ("ALJ"). The Appeals Council denied his request for review, and this appeal followed. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3)7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's

1

findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II.     THE PARTIES' MOTIONS

Plaintiff contends that the ALJ failed to properly consider the opinions of Plaintiff's treating physician, Dr. Violagio; failed to properly assess Plaintiff's credibility; failed to properly assess his residual functional capacity ("RFC"); and mischaracterized and misstated the record.

### A. Dr. Violago

First, I address Plaintiff's contentions regarding his treating physician, Dr. Violago. An ALJ is entitled to discount a treating physician's opinion that lacks support, or is contradicted by other medical evidence. Ford v. Comm'r Soc. Sec., 611 Fed. Appx. 102 (3d Cir. 2015). Moreover, an ALJ is permitted to rely on reviewing opinions, even when rejecting a treating source. Buckner v. Colvin, 2016 U.S. Dist. LEXIS 53456 (M.D. Pa. Mar. 30, 2016). The ALJ is

2

entitled to weigh the entirety of the record in making his finding. Brown v. Astrue, 649 F.3d 193, 196 (3d Cir. 2011).

Here, the ALJ considered Dr. Violago's opinion and records, noting that Plaintiff's diagnoses were largely based on Plaintiff's subjective statements. Diagnostic testing showed only mild conditions, and were otherwise normal and unremarkable. Another treating source, Dr. Platto, noted only minimal findings. The ALJ therefore accorded Dr. Violago's opinion "some weight," to the extent that it was consistent with the record. The ALJ further noted, however, that the mild objective findings undermined Dr. Violago's assessment. As Plaintiff observes, the ALJ gave the opinion of Dr. Kumar, the state agency medical consultant, significant weight. In so doing, the ALJ observed that Dr. Kumar's opinion was consistent with the objective evidence, and was not undermined by reliance on Plaintiff's subjective statements. I find no error in the ALJ's approach to Dr. Violago.

### B. Credibility

Plaintiff next argues that the ALJ erred in failing to find Plaintiff fully credible. An ALJ's credibility assessments are entitled to substantial deference. Szallar v. Comm'r Soc. Sec., 631 Fed. Appx. 107 (3d Cir. 2015). Plaintiff contends that his subjective complaints have been consistent, and are in concert with the medical evidence supplied by his treating physicians. As Plaintiff observes, the records reflect degenerative disc disease and degenerative joint disease; he also correctly observes that objective evidence of pain itself is not required. Plaintiff does not, however, contradict the ALJ's characterizations of the objective findings regarding Plaintiff's degenerative conditions as mild or minimal. The operative question is not merely whether a claimant is impaired, but whether he is so impaired as to be unable to work; in other words, the ALJ did not ignore Plaintiff's conditions or diagnoses. Moreover, there is no suggestion that the

3

ALJ required objective evidence of pain itself. I find no error in the ALJ's approach to Plaintiff's credibility.

### C. RFC and GRIDS 201.14

Next, Plaintiff contends that the ALJ failed to comply with SSR 96-8p, and failed to find that Plaintiff satisfied Section 201.14 of the GRIDS. SSR 96-8p states the Social Security Administration's policies regarding the assessment of residual functional capacity ("RFC"). It is unclear precisely how Plaintiff contends that the ALJ failed to comply with the policy interpretation. To the extent that Plaintiff asserts that Dr. Violago's opinion supports an RFC different from that set forth by the ALJ, I reject that argument for reasons stated supra. Plaintiff's contention regarding Section 201.14 fails for the same reasons.

### D. Remaining Arguments

Finally, Plaintiff asserts his remaining arguments in what amounts to a "catchall" segment of his brief. He claims that the ALJ mischaracterized or misstated the record, demonstrated bias against Plaintiff based on his substance abuse history, and improperly considered his activities of daily living. An ALJ is permitted to reject medical opinion, so long as he explains his reasons for doing so.

In particular, Plaintiff again points to the fact that the record contains diagnoses, based on objective testing, reflective of physical problems. Again, however, the ALJ did not ignore those diagnoses; instead, he pointed to evidence discounting the severity of those diagnoses, and accordingly discounting the severity of Plaintiff's complaints. As regards the opinion of agency consultant Dr. Newman, Plaintiff contends that the ALJ erred in affording it limited weight. Plaintiff argues that Dr. Newman's opinion was supported by RFC assessments completed by a representative of Wesley Spectrum Services. The ALJ identified factors that undermined the

assessment, such as a lack of corroborating records and objective evidence, and a heavy reliance on Plaintiff's subjective statements. The ALJ, however, found that Dr. Newman's opinion was inconsistent with his own examination. The ALJ also considered an RFC completed by Amy Ankrom, a certified registered nurse at Washington Communities Human Services, and later modified by the addition of the signature of Dr. Naryan. Even assuming that the ALJ incorrectly attributed the report to Ms. Ankrom rather than Dr. Naryan, the ALJ gave the report "some, but less than great weight" for other reasons, such as because Ms. Ankrom spent forty minutes with Plaintiff, the RFC relied heavily on Plaintiff's subjective statements, and the RFC was inconsistent with the objective evidence of record. The ALJ adequately explained his reasoning, and that reasoning does not lack substantial support in the record.

Regarding Plaintiff's assertions of bias and those regarding the ALJ's approach to activities of daily living, I reject those assertions. An ALJ is presumed to be unbiased, and "[a] party asserting bias must show that the behavior of the ALJ was 'so extreme as to display clear inability to render fair judgment.'" Maher v. Astrue, 2009 U.S. Dist. LEXIS 91549 (W.D. Pa. Sept. 30, 2009). There is no suggestion, beyond his mention of Plaintiff's substance abuse history, that the ALJ harbored or acted on any particular bias against Plaintiff. Moreover, the ALJ adequately considered Plaintiff's activities of daily living, in the context of Plaintiff's functionality. There is no suggestion that he employed any assumptions regarding Plaintiff's ability to engage in those activities on a sustained basis.

## CONCLUSION

In sum, pursuant to the limited scope of review applicable to this appeal, I find that the ALJ's decision was supported by substantial evidence. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

5

**ORDER**

AND NOW, this 7th day of January, 2017, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED, and Defendant's GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court